UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 15-cv-20567-KING

RICARDO LUPERON, and all others similarly
situated under 29 U.S.C. § 216(b),

       Plaintiff,

v.

ROSINELLA MARKET, INC.,

       Defendant.

_____/

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

THIS CAUSE comes before the Court upon Defendant Rosinella Market, Inc.'s Motion for Summary Judgment (DE #17), filed on May 20, 2015. Therein, Defendant seeks summary judgement on all of Plaintiff's claims brought under the Fair Labor Standards Act ("FLSA"), and the dismissal of this case. Because Plaintiff has not responded either to Defendant's Statement of Material Facts (DE #16), or Defendant's Motion for Summary Judgment, and because the Court finds Defendant's arguments to be adequately supported by the record, the Court finds that Defendant's Motion should be granted.

On February 12, 2015, Plaintiff filed a one-count complaint against defendant alleging violations of the minimum wage provisions of the FLSA. Defendant answered the Complaint on March 6, 2015, denying that Plaintiff was ever employed by Defendant, and to the extent Plaintiff was employed by an affiliated entity, but not Defendant, Plaintiff was a commissioned employee who was paid at well over one-and-a-half times the state and federal minimum wage for every hour that Plaintiff worked. Plaintiff's counsel moved to withdraw as counsel of record on March 16, 2015, which Motion was granted on March 18, 2015.

On April 29, 2015 Defendant filed a Motion for Rule 11 Sanctions against Plaintiff, which motion was referred to United States Magistrate Judge Edwin G. Torres and remains pending.

### Legal Standard

Rule 56 of the Federal Rules of Civil Procedure provides, in pertinent part:

**(a) Motion for Summary Judgment or Partial Summary Judgment.** A party may move for summary judgment, identifying each claim or defense—or part of each claim or defense—on which summary judgment is sought. The Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The Court should state on the record the reasons for granting or denying the Motion.

* * *

**(c) Procedures.**

(1)     **Supporting Factual Positions**. A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

(A)     Citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only, admissions, interrogatory answers, or other materials; or
(B)     Showing that the materials cited to do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact

* * *

**(e) Failing to Properly Support or Address a Fact.** If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:

(1) Give an opportunity to properly support or address the fact;
(2) Consider the fact undisputed for the purposes of the motion;
(3) Grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it; or
(4) Issue any other appropriate order.

Fed. R. Civ. P. 56.

Rule 56.1 of Local Rules for the Southern District of Florida supplements Fed. R. Civ. P. 56 as follows:

> (a) **Statement of Material Facts.** A Motion for Summary Judgment and the opposition thereto shall be accompanied by a statement of material facts as to which it is contended that there does not exist a genuine issue to be tried or there does exist a genuine issue to be tried, respectively. The statement shall:
>
>   (1) Not exceed ten (10) pages in length;
>
>   (2) Be supported by specific references to pleadings, depositions, answers to interrogatories, admissions, and affidavits on file with the Court; and
>
>   (3) Consist of separately numbered paragraphs.
>
> Statements of material facts submitted in opposition to a motion for summary judgment shall correspond with the order and with the paragraph numbering scheme used by the movant, but need not repat the text of the movant's paragraphs. Additional facts which the party opposing summary judgment contends are material shall be numbered and placed at the end of the opposing party's statement of material facts; the movant shall use that numbering scheme if those additional facts are addressed in the reply.
>
> (b) **Effect of Failure to Controvert Statement of Undisputed Facts.** All material facts set forth in the movant's statement filed and supported as required above will be deemed admitted unless controverted by the opposing party's statement, provided that the Court finds that the movant's statement is supported by evidence in the record.

S.D. Fla. L.R. 56.1.

Additionally, S.D. Fla. L.R. 7.1 provides, in pertinent part:

> (c) **Memorandum of Law.** Each party opposing a motion shall serve an opposing memorandum of law no later than fourteen (14) days after service of the motion. **Failure to do so may be deemed sufficient cause for granting the motion by default** . . . . All materials in support of any motion, response, or reply, including affidavits and declarations, shall be served with the filing.

S.D. Fla. L.R. 7.1 (emphasis added).

### Discussion

Given Plaintiff's failure to respond either to Defendant's Statement of Material Facts or Defendant's Motion for Summary Judgment, and his failure to comply with Fed. R. Civ. P. 56, S.D. Fla. L.R. 56.1 and S.D. Fla. L.R. 7.1, and after a review of Defendant's facts, which the undersigned finds to be supported by the evidence, the undersigned considers Defendant's material facts undisputed. Moreover, the undersigned finds persuasive and adopts Defendant's legal arguments in support of its Motion for Summary Judgment, which stand unrebutted by Plaintiff.

### Conclusion

Therefore, it is hereby **ORDERED, ADJUDGED, and DECREED** that Defendant's Motion for Summary Judgment **(DE #17)**, be and the same hereby is **GRANTED**. Final summary judgment shall be **ENTERED** against Plaintiff and in favor of Defendant as to the entirety of Plaintiff's Complaint.

**DONE AND ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, this 12th day of June, 2015.

JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

Cc:

**Hon. Edwin G. Torres**

**All Counsel of Record**

Ricardo Luperon
2690 SW 24th Terrace
Apt.1
Miami, FL 33145